UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREAT LAKES DIRECTIONAL DRILLING, INC., | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-272 |
| | § | |
| CCI SYSTEMS, INC., *et al*, | § § | |
| Defendants. | § § | |

# ORDER

Defendant FiberLight, LLC (FiberLight) hired Defendant CCI Systems, Inc. (CCI) as its contractor to perform certain construction work. CCI, in turn, subcontracted the installation of approximately 27 miles of underground fiber construction to Plaintiff, Great Lakes Directional Drilling, Inc. (Great Lakes). Great Lakes filed this action against CCI and FiberLight to recover amounts it claims remain due for the work it performed. Before the Court is FiberLight's Motion to Dismiss (D.E. 28), claiming no contractual relationship with Great Lakes and no liability on any of Great Lakes's theories of recovery. For the reasons set out below, the Court GRANTS the Motion (D.E. 28).

## DISCUSSION

Pursuant to Local Rule 7.3, opposed motions will be submitted to the Court 21 days from filing. FiberLight's Motion was filed on August 31, 2015, and the submission date was September 21, 2015. Great Lakes has not filed a response to the Motion and its deadline has passed. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no

opposition to the relief sought. The Court finds that Great Lakes's default further demonstrates a failure to prosecute its claims subject to the Motion.

FiberLight affirmatively contends that it is not liable for damages under theories of breach of contract, quantum meruit, unjust enrichment, promissory estoppel, or for attorney's fees. D.E. 28. Upon review of the complaint (D.E. 1-1, pp. 12-19), the Court concludes that Great Lakes did not allege its contract theory of recovery against FiberLight, but only against CCI. The Court GRANTS FiberLight's motion to dismiss any claim made by Great Lakes against FiberLight based on a breach of contract theory.

FiberLight contends that none of the equitable theories alleged against it apply because the express contract between CCI and Great Lakes governs this matter, citing *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (rejecting quasi-contract theories when an express contract is in place). The Court agrees. Additionally, the quantum meruit claim fails because Great Lakes did not plead sufficient facts to demonstrate that FiberLight was on notice of any expectation that Great Lakes would be paid by FiberLight as opposed to CCI. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (setting out elements of quantum meruit claim and stating that it does not apply where an express contract governs the dispute). Because the pleading is insufficient under the Federal Rules of Civil Procedure and Great Lakes has not sought to amend its pleading to cure this defect, the Court GRANTS FiberLight's motion to dismiss Great Lakes' quantum meruit claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Likewise, Great Lakes has failed to satisfy the *Twombly/Iqbal* pleading requirements with respect to its unjust enrichment theory because it does not allege any conduct by FiberLight that could be described as fraud, duress, or undue advantage.  *See Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (setting out elements of unjust enrichment theory).  Instead, any enrichment that FiberLight experienced was pursuant to its contract with CCI and CCI's express contract with Great Lakes.  These facts are incompatible with an unjust enrichment theory.  *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998).

Great Lakes's promissory estoppel theory suffers the same fate.  It is incompatible with the fact that an express contract between CCI and Great Lakes exists, which contract has not been denied by any party.  *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002).  Moreover, Great Lakes has not pled any promise arising from FiberLight.  Under *Twombly/Iqbal*, its pleading fails to demonstrate that the claims are plausible.  And because Great Lakes has failed to state any claim upon which relief may be granted, it is not entitled to attorney's fees under Texas Civil Practice and Remedies Code § 38.001.

## CONCLUSION

For the reasons set out above, the Court GRANTS FiberLight's motion to dismiss (D.E. 28) and DISMISSES all claims made by Great Lakes against it.

ORDERED this 13th day of October, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE